UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: ELANTIC TELECOM, INC.                Case No. 04-36897-DOT
      Debtor                                        Chapter 11


## MEMORANDUM OPINION AND ORDER

Hearing was held September 20, 2005, on the applications for administrative tax claims filed by the Virginia Cities of Alexandria, Norfolk and Richmond and the Virginia Counties of Chesterfield, Henrico and Prince William. The claims are based on public service corporation taxes imposed pursuant to Virginia Code §§ 58.1-2600 to 2690. The debtor filed an objection to each of the claims, and a consolidated hearing was held on all the claims and the debtor's objections. Each claim raised an identical issue.

At the conclusion of hearing, the court reserved ruling and requested the parties to submit proposed findings and conclusions, which have now been received. For reasons stated in this opinion, the court will not allow the full amount of the tax claims at this time pending resolution of the debtor's petition for review of the claims, which is pending before a division of the Virginia State Corporation Commission.

Facts.

Debtor filed its chapter 11 petition on July 19, 2004, and the court confirmed debtor's amended chapter 11 plan by order entered April 28, 2005. The plan was effective May 9, 2005.

Article II of the confirmed plan provides that allowed administrative tax claims are to be paid on the later of the effective date of the plan or the date the tax becomes due and owing. Under Article VI, debtor's failure to pay an allowed administrative tax claim after the expiration of 21 days after written notice from the tax authority is an event of default under the plan, which

1

results in debtor's immediately owing the entire unpaid amount of the claim.

The Virginia cities and counties listed above filed timely requests for administrative expenses based on 2005 public service corporation taxes imposed by Virginia as set forth in the exhibit attached to this opinion. The amount of the tax in each claim is based upon the assessed value of statutorily specified property of debtor.

Previously, on December 15, 2004, debtor petitioned the Virginia State Corporation Commission (SCC) for review of its 2004 public service corporation tax assessments under provisions of Virginia Code §§ 58.1-2670 to 2676. By its petition, debtor appeals to have the assessments reduced. The petition remains pending. Although debtor's tax petition addresses taxes for 2004, the assessed values of the properties that will determine the amount of 2005 taxes sought in the administrative expense requests are substantially the same as those addressed in the 2004 tax petition. Thus, the amount of the 2005 tax sought in the present administrative tax requests will ultimately be calculated from any redetermination of the property assessments presently pending in the SCC for 2004.

Article V.B.3.of debtor's approved disclosure statement describes administrative tax claims, noting that an estimate of the claims is listed on an attached exhibit. It is also stated that debtor does not concede that all amounts of the listed administrative tax claims will ultimately be allowed and that debtor had petitioned for review of property tax assessments levied by Virginia.

Debtor concedes that it does not dispute some portions of the claims.

<u>Discussion and Conclusions.</u>

Debtor's argument against allowing the subject tax claims in full is that the market values of its property as determined under procedures established in its chapter 11 case raises questions over the values of the properties that serve as bases for the taxes here in question. Thus, debtor

2

asserts the property values should be reduced, which will reduce its liability for the 2005 taxes.

The claimants make several arguments. First, they assert that there is no provision in Virginia law for suspension of a taxpayer's obligation to pay a public service corporation tax pending review in the SCC. However, the absence of such a provision does not preclude this court from declining to allow disputed tax claims.

Claimants argue that the court's refusal to allow the claims would run afoul of the Tax Injunction Act, 28 U.S.C. § 1341. However, the court is not enjoining collection of the taxes. In fact, the court will authorize the taxing authorities to proceed with collection activities.

Finally, it is argued that the full taxes must be paid pursuant to debtor's confirmed plan and Bankruptcy Code § 503(b)(1)(B). However, this is so only when the claims are allowed. The court will defer allowing the claims until the debtor's dispute with the state is resolved.

The tax issue could be litigated in this court. However, the court agrees with the debtor that it is more judicially efficient to have the issue decided by the Virginia State Corporation Commission. I also agree with the claimants that this is a local issue better resolved by the state. See Metromedia Fiber Network, Inc. v. Various State & Local Taxing Auths. (In Metromedia Fiber Network, Inc., 299 B.R. 251, 282 (Bankr. S.D.N.Y. 2003).

**IT IS THEREFORE ORDERED:**

In the context of debtor's confirmed plan, the administrative expense requests are deemed disputed until final decision of the Virginia State Corporation Commission on debtor's pending tax appeal petition. In the event that proceedings before the Virginia State Corporation Commission become unduly protracted or if there is other significant change in circumstances, the claimants may request further hearing on their applications.

The undisputed portions of the claims are allowed, and debtor shall pay the allowed amounts in accordance with the provisions of its plan. Debtor is director to file with the court

3

and serve each claimant a statement reflecting the payments made and the balance of each claim.

Within 30 days from the final decision of the Virginia State Corporation Commission, debtor will pay to each taxing entity any remaining balance of each tax claim as determined by the appeal plus any other amounts allowed by law.

Nothing in this order precludes any of the claimants from pursuing payment of the full amount of their administrative expense requests under appropriate state law. Each claimant is granted relief from any automatic stay that might be applicable to collection of the administrative claims.

Debtor is directed to serve copies of this order to the appropriate parties.

SIGNED: _____

    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Roderick B. Williams, Esq.
Assistant City Attorney
City of Alexandria
301 King Street, Suite 1300
Alexandria, VA 22314

Charles Stanley Prentice, Esq.
Deputy City Attorney
City of Norfolk
900 City Hall Building
Norfolk, VA 23510

Alexandra Silva, Esq.
Assistant City Attorney

City of Richmond
900 East Broad Street, Room 300
Richmond, VA 23219

Rhysa South, Esq.
Assistant County Attorney
Henrico County
P.O. Box 27032
Richmond, VA 23273

Michael S.J. Chernau, Esq.
Senior Assistant County Attorney
Chesterfield County
P.O. Box 40
Chesterfield, VA 23832-0040

Bernadette S. Peele, Esq.
Assistant County Attorney
Prince William County
One County Complex Court
Prince William, VA 22192-9201

Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Leander S. Barnhill, Esq.
Assistant United State Trustee
600 East Main Street, Suite 301
Richmond, VA 23219

EXHIBIT A

ELANTIC TELECOM, INC.
Case Number 04-36897-DOT (Chapter 11)
Allowed Administrative Tax Claims[i]

Alexandria
    Tax                     29,524.56[ii]
    Penalty             2,563.62
    Interest               749.42
    Annual Interest Rate     10.00% (for first year after due date(s);
2nd and subsequent years at 5.00% per annum)

Chesterfield
    Tax                     12,682.88[iii]
    Penalty               906.64
    Interest               319.32
    Annual Interest Rate     10.00%

Henrico
    Tax                   181,185.19[iv]
    Penalty            11,626.21
    Interest            1,841.59
    Annual Interest Rate     4.00%

Norfolk
    Tax                   11,999.03[v]
    Penalty             2,130.12
    Interest             1,331.32
    Annual Interest Rate     10.00% (for first year; 2nd & subsequent years
per rate in IRS Code, 26 U.S.C. § 6621)

Prince William
    Tax                   7041.12 [vi]
    Penalty               559.83
    Interest               153.95
Annual Interest Rate    10.00% (for first year; 2nd & subsequent years at higher of 10.00% per
    annum or rate in IRS Code, 26 U.S.C. § 6621)

Richmond
    Tax                   160,855.20

    Penalty                                22,570.12
    Interest                            6,940.57
    Annual Interest Rate      10.00%

[i.] Amounts reflect credit for payments made by the Debtor/Reorganized Debtor to the Localities as follows: Alexandria, $17,044.00; Chesterfield, $1,810.08; Henrico, $41,041.80; Norfolk, $13,611.40; Prince William, $2,015.00; Richmond, $64,846.00.
Interest calculations reflect amounts that would be due on October 15, 2005, or the most recent calculations of the amount of interest that would be due were payment in full to be made by October 15, 2005, as some Localities calculate interest on a monthly basis. For payments made after October 15, 2005, the Localities can provide the Debtor/Reorganized Debtor with payoff figures based upon the indicated interest rates.

[ii.] The claim/request already filed included $2_{nd}$ half 2005 taxes. The $2_{nd}$ half bill included is now adjusted, to the amount of $20,932.33, to reflect the actual assessment issued by the SCC.

[iii.] $5,426.48 will become due for the $2_{nd}$ half 2005 tax and is included in the indicated amount (adjusted to reflect the actual assessment issued by the SCC).

[iv.] $105,965.07 will become due on December 5, 2005 for the $2_{nd}$ half 2005 tax and is included in the indicated amount (adjusted to reflect the actual assessment issued by the SCC).

[v.] Of the amount listed (adjusted to reflect the actual assessment issued by the SCC), $4,309.26 will become due on December 31, 2005, as the $4_{th}$ quarterly payment for the tax year 2005.

[vi.] The claim/request already filed included $2_{nd}$ half 2005 taxes. The $2_{nd}$ half bill included is now adjusted, to the amount of $3,457.84, to reflect the actual assessment issued by the SCC.